## IRVING AIR CHUTE CO., Inc., et al. v. SWITLIK PARACHUTE & EQUIPMENT CO. et al.

District Court, D. New Jersey.

Feb. 14, 1939.

Katzenbach, Gildea & Rudner, of Trenton, N. J. (Alexander C. Neave, of New York City, of counsel), for plaintiffs.

Alexander Budson, of Trenton, N. J. (Daniel L. Morris, of New York City, of counsel), for defendant Switlik Parachute & Equipment Co.

H. Collin Minton, Jr., of Trenton, N. J., for defendant Aeronautical Development Corporation.

FORMAN, District Judge.

The plaintiffs in this case filed suit against Switlik Parachute and Equipment Company and Stanley Switlik, Trustee, for alleged infringement of Smith Patent No. 1,462,456 and Hamer Patent No. 1,958,000. In answer to the original bill Switlik Parachute and Equipment Company set up as a counterclaim infringement by plaintiffs of Smith Patent No. 1,784,996 owned by Switlik Manufacturing Company (now Aeronautical Development Company by change of name), but under which Switlik Parachute and Equipment Company held an exclusive license subject to certain reservations and rights of cancellation. This counterclaim also alleged infringement of Switlik Patent No. 1,849,965, owned by Switlik Parachute and Equipment Company.

Sometime after the case was at issue the defendant urged that it be permitted to join the owner of this Smith patent (No. 1,784,996), the then Switlik Manufacturing Company, as a party to the suit, under the accepted rule that the owner of the legal title to a patent in suit is a necessary party. Counsel for plaintiffs and defendant then agreed that Switlik Manufacturing Company should become a party because of this interest.

Pursuant to this agreement the defendant filed a submission to jurisdiction by Switlik Manufacturing Company, and an amended answer and counterclaim.

On October 10, 1938, Switlik Manufacturing Company conveyed its interest in a

330

number of patents to the Switlik Parachute & Equipment Company, including the Smith Patent No. 1,784,996 in the following terms: "* * * Switlik Manufacturing Company has and by these presents does, sell, assign and transfer unto said Switlik Parachute & Equipment, its successors and assigns, the entire right, title and interest in and to said Letters Patent aforesaid, and in and to the invention claimed therein, together with the right to sue for and recover damages for past infringement, the same to be held and enjoyed by said Switlik Parachute & Equipment Company, its successors and assigns for its own use and behoof, to the full end of the term for which said Letters Patent were granted as fully and entirely as the same would have been held by Switlik Manufacturing Company had this assignment and sale not been made."

The present motions are:

(1) A motion by the plaintiffs to strike Switlik Manufacturing Company's "Submission to Jurisdiction", dated September 7, 1938, and such portions of the Amended Answer and Counterclaim, dated September 7, 1938, as relate to Switlik Manufacturing Company on the ground that Switlik Manufacturing Company is not a proper party to this action because it no longer has any interest in the Smith patent or any other patent in suit, and

(2) A motion by Aeronautical Development Corporation, formerly Switlik Manufacturing Company, for leave to file a supplemental counterclaim, which proposed counterclaim is based upon the alleged infringement by plaintiffs of Smith patents belonging to the former Switlik Manufacturing Company. These patents were not involved in the action between the original parties plaintiff and defendant.

The new Rules of Civil Procedure, 28 U.S.C.A. following section 723c provide:

"A pleading shall state as a counterclaim any claim, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Rule 13 (a)

"Transfer of Interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. * * *" Rule 25 (c)

The case at bar involves one in which the corporation to whom the interest was transferred was already a party. It is, therefore, unnecessary to direct the substitution of any party. It is only necessary to drop the Switlik Manufacturing Company as a party to this suit.

 This court is of the opinion that when the Switlik Manufacturing Company transferred all its interests in the Smith Patent No. 1,784,996, it became bereft of any interest in the controversy between the plaintiffs and the original defendants.

The motion of the plaintiffs to strike the Switlik Manufacturing Company as a party is granted. The Aeronautical Development Corporation having no more interest in the litigation than its predecessor, and admittedly attempting here to litigate patents foreign to those in the original complaint and counterclaim, its motion to file a supplemental counterclaim is denied.